*Court*

IN THE UNITED STATES DISTRICT

COURT, FOR THE MIDDLE DISTRICT

OF PENNSYLVANIA, SCRANTON, PA.

① 11-15-00

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

# NO. 1: CV 00-1992

REGINALD YOUNG, PRO SE.

             Petitioner,

   ___ VS ___

THE COMMONWEALTH OF PENNSYLVANIA BOARD

OF PROBATION AND PAROLE, 1101 SOUTH

FRONT STREET, SUITE  5200

HARRISBURG, PENNSYLVANIA 17104-2519

           Respondent,

:
:
:
:
:
:
:
:

J. Kane

RECEIVED
SCRANTON

OCT 24 2000

MARY E. D'A... CLERK
PER _____ DEPUTY CLERK

FILED
SCRANTON

NOV 1 4 2000

PER _____
DEPUTY CLERK

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

TO THE HONORABLE CHIEF JUDGE AND ASSOCIATE JUDGES :

   : APPLICATIONS AND MOTIONS FOR TEMPORARY RESTRAINING ORDER

      PRELIMINARY AND PERMANENT INJUNCTIONS AND MOTION FOR A

      CUM CAUSA AND SHOW CAUSE ORDER WITH SUBPOENA DUCES TECUM

      SUBMITTED IN GOOD FAITH, IN FORMA PAUPERIS :

## :JURISDICTION :

This legal action is presented under colors of 28 U.S.C. Section 1331,

Federal Question Jurisdiction. It is also presented under The Due

Process Clause of The Federal Constitution as stated in " CRAFT  VS

(2).

ATTORNEY GENERAL OF THE UNITED STATES,370 F. Supp. 538 (1974). Lastly,
it is presented under THE UNITED STATES SUPREME COURT'S mandate set
forth in  CITIZENS TO PRESERVE OVERTON PARK, INC.  VS  VOLPE,401 U.S.
402, 410, 91 S. Ct. 814,28 L. Ed. 2d 136(1971).

---

: PRELIMINARY STATEMENTS :

(a).The petitioner in this legal action has been aided in the drafting of
such action by OSCAR TIMOTHY ROBINSON, PRISONER NO. DZ. 7810 a prisoner at
S.C.I. Mahanoy located in Frackville, Pennsylvania. That such aid and such
services provided by ROBINSON was free of cost and legal within the mandate
of JOHNSON  VS  AVERY,393 U.S. 483, 21 L. Ed. 2d 718,89 S.Ct. 747(1969).

(b). The respondent named in this action is a vicious State Agency that
acted in a arbitrary and capricious manner when denying this petitioner an
opportunity to appeal the flagrant violation of his constitutional rights
under procedural due process of law in matters pertaining to Parole Refusual
cases.

(c). That in cases such as the case hereto presented, petitioner is entitled
to a minimum requirement of procedural due process to insure that the parole
release review and the State created right to parole eligibilty is not
arbitrarily and capriciously abrogated. Such would be consistent with Courts
approach in other due process cases. (See) GOSS  VS  LOPEZ,419 U.S. 565 (197
BOARD OF REGENTS  VS  ROTH, 408 U.S. 564 (1972).  PERRY  VS  SINDERMAN,408 U
S. 593(1972).  GOLDBERG  VS  KELLY,397 U.S. 254(1970).   In this action the
petitioner will prove that he is entitled to judicial relief. The petitioner
will prove that the respondent's rules pertaining to refusual to review his
constitutional claims so presented to it was void, arbitrary and capricious
and unconstitutional.

(3).

: EXHAUSTION OF STATE REMEDIES :

(a). The petitioner contends first and foremost, that there isn't any State remedies available in such parole refusal matters as set forth herein, as the Parole authorities and the State's Judiciary has no appellate review of parole refusals.(See) REIDER VS  BD. OF PROBATION AND PAROLE, 100 Pa. Commw. 333. 514 A. 2d 957(1986). (See) ROGERS  VS  PENNS. BD. OF PROBATION AND PAROLE, 724 A. 2d 319(Pa. 1999).

(b). The petitioner would have sought review of the constitutional claims in this matter by way of writ of mandamus to The Court Of Common Pleas at Schuylkill County. However that Court in another case stated that it had no jurisdiction to hear such a parole matter and thereby order that particular case transferred to The Commonwealth Court of Pennsylvania. (See) Exhibit__A hereto attached and made a part of this action.

(c). That your petitioner was some what shocked at the order of the said / court of common pleas because in " Rogers__VS__Penns. Bd. of Probation and Parole, 724 A. 2d 319(Pa. 1999), it was stated at a foot-note identified as No. 5 that an appellant may use a writ of mandamus to pursue allegations of constitutional violations against the parole board. But nonetheless petitioner was arbitrarly and capriciously denied such review in Exhibit__A and such denial tended to be a farce and a cruel mockery of the criminal justice system and tended to show this good faith petitioner that no meaningful review could be had in such court.

(d). The petitioner contends that in following the case identified in said Exhibit__A hereto attached, petitioner state's that on the date of july 27,2000 The Commonwealth Court Of Pennsylvania did deny the petitioner in Exhibit__A meaningful review upon the statement " that the decision

(4).

as to whether to grant parole is discretionary and went on to state that the review was not subject to Mandamus in the court official or original jurisdiction and proceeded to dismiss the petition for review.

That even though the said Court would not rule upon the constitutional issues presented, the said Court didn't refuse to issue a statement that was, in a manner prejudice to that petitioner. Such statement being that it appearing that, that petitioner seeks by way of Mandamus to be paroled.

That such issues of wanting to be paroled was not the constitutional issues. The issue presented was the fact that the parole board had failed to give petitioner in that case written meaningful reasons for the denial of parole, and had failed to consider meaningful criteria in petitioner's favor.Rather, than afford that petitioner a form of meaningful redress of his constitutional claims, that Court in that case sought to down play the real issue with the frivolous statement about merely seeking parole release all the while not mentioning the real issues.(See) Exhibit__B hereto attached and made a part of this action.

(e).The petitioner in this matter didnot file for review in The Supreme Court of Pennsylvania because that Court has shown and displayed and asserted it's opinion and views in the case of " <u>Rogers  VS  Penns. Bd. Of Probation and Parole</u>, 724 A. 2d.319(Pa.1999). As a result of such opinion, to have filed for review in such Court would have been meaningless.

Wherefore the petitioner believes that this honorable Court is authorized to review the petitioner's Constitutional claims which also amounts to Federal Questions.

(f). The petitioner in closing the statements relating to the exhaustion of State remedies feels compelled to say and state the following, even though he understands that the same may be distasteful to some. Yet truth is great.

(5):

That a mere glimpse at the functions and cruel delay tatics of The Commonweal
Criminal Justice system and a mere glimpse of the operations procedures of
The Pa. Dept. Of Corrections in-humane treatment of it's prisoners along
with the vicious arbitrary and capricious manner in which they seek to detain
a prisoner without parole, furlough, work release or probation is a carbon
copy of the ways, actions and vicious degrading procedures of Nazi Germany.
The only elements missing is the ovens. Any intelligent student of world
history can attest to this fact. Surely, those of us who are for truth can
see the German influence in this whole system.

The petitioner writes the truth, and the truth is that the Common-
wealth Courts in Pennsylvania have lost sight or just donot care as to what
the basic concept of due process really is. It's a poor system where the
kind of trial a man get's depends on the amount of money he has. It's a
poor system that with-holds PCRA claims for months and even years without
giving petitioners in those claims hearings or decisions, it is a vicious
system that thrives on the denial of justice to the unfortunates in the State
and it's arrogance of power is most offensive when it is employed to exploit
the rights of the defenseless members of society. It's a dying system when
that system begins to make a farce and cruel mockery of the criminal justice
system.

The basic concepts of due process is fair play. The test of the
criminal justice system of legal jurisprudence should be measured by the
interest taken in safe-guarding the fundamental rights of an accused. A
defendant is entitled to a fair determination of his guilt. Fair trials in-
sure the concern with due process and contribute to what we believe is the
proper administration of criminal justice. The most fundamental of a
reviewing courts duty is tosee to it both that the end result in a case is
just and correct and that the means utilized are fair and proper.Such is
the  due process of law.

6.

(a). : PROCEDURAL HISTORY :

1. The petitioner respectfully showeth the honorable Court, the following facts. That he was heretofore arrested in Philadelphia, Pa. in September the 1985 year of our Lord. and charged with First Degre Murder. That he was found guilty of the charge at a bench trial had without a jury. The case was heard before the HON. JUANITA KIDD STOUT, and sentencing in the case was deferred pending Post trial motions.

2.  That a hearing was held before a three-judge panel and a new trial was ordered based upon the ineffective assistance of counsel at trial. That after the new trial was had before The Honorable Robert Latrone petitioner was found guilty of Third Degree Murder and sentenced to serve 8 to 20 years in the State's Penal system.

3. That after having served the minimum portion of his sentence, this petitioner was caused to meet the Parole Board for the first time on the date of December 25, 1996. That since this first date the petitioner has been denied parole release for a total of four times, and Sept 12,2000 being the last and most recent denial. It is from this denial that the petitioner has decided to seek judicial relief in this court of federal question jurisdiction.

4. That in denying him parole release on September 12, 2000 the said respondent failed to give the petitioner a written meaningful statement of reasons for the denial of parole. Failed to state as to what criteria was considered in favor of the petitioner in his quest for parole. Failed to advise the petitioner as to what he should do in the future in order to be given meaningful consideration for parole release. All in violation of Procedural Due Process of law.

(7).

5. That when denying the petitioner parole release on 9/12/2000 the
Parole Board gave a statement stateing "

> " Following an interview and review of your file,
> The Pennsylvania Board Of Probation And Parole
> has determined that the fair administration of
> justice cannot be achieved through your release
> on Parole. You are therefore refused Parole and
> ordered to:
>
> Be reviewed in or after July, 2001.
> At your next interview, the board will review your
> file and consider:
>
> Whether you have received a favorable reccommendation
> for parole from the Department of Corrections.
>
> Whether you have maintained a clear conduct record and
> completed the dept. of Corrections prescriptive programs

The petitioner state's that such a statement as given above is a farce and
is no reason at all and is told to every parole denial case in the last two
years and if a hearing is had the petitioner will produce enough denial of
parole records with such stereotyped reasons as to make a dog shame. The
Parole board in question is a farce and the $90.000.00 a year salary paid
to it's most high ranking members is robbery and a shame to the public. The
members are drawing salaries and not giving meaningful review of parole
consideration request. They are denying most canidates and that is why the
prisons are full. This Parole Board is a shame to the legal due process of
law and is the shame of Pennsylvania's rehabilitation system.

(8).

: QUESTIONS PRESENTED :

(a). WHETHER OR NOT THE COMMONWEALTH OF PENNSYLVANIA'S PROBATION AND
    PAROLE BOARDS POLICY, MANDATES AND ADMINISTRATIVE APPEALS PROCESS
    WHICH DENIES APPELLATE REVIEW OF " PAROLE REFUSALS " IS UNCONSTIT-
    UTIONAL, ARBITRARY AND CAPRICIOUS AS IT IS PRESENTLY SITUATED.(SEE)
    EXHIBIT__C HERETO ATTACHED AND MADE A PART OF THIS ACTION.

(b). WHETHER OR NOT THE PETITIONER WAS ENTITLED TO AS A MATTER OF
    PROCEDURAL DUE PROCESS TO BE AFFORDED WRITTEN STATEMENTS OF REASONS
    FOR THE DENIAL OF HIS REQUEST AND APPLICATION FOR PAROLE.

(c). Whether or not  THE COMMONWEALTH OF PENNSYLVANIA'S BOARD OF PROBATION
    AND PAROLE IS WITHIN THE CONSTITUTIONAL SENSE AN " ADMINISTRATIVE
    AGENCY " WITHIN THE COMMONWEALTH OF PENNSYLVANIA.

(d). WHETHER OR NOT THE DECISION HAD IN " REIDER  VS  BD. OF PROBATION
    AND PAROLE, 100 Pa. Commw. 333 514 A. 2d 967(1986), AND THE
    ADMINISTRATIVE AGENCY LAW 2 Pa. C.S. SECTION 702 AS THEY APPLY TO
    PAROLE DECISIONS ARE CONSTITUTIONAL AND AS TO WHETHER OR NOT THE SAME
    SHOULD BE AMENDED WITH CERTAIN CONSTITUTIONAL SAFEGUARDS IN ORDER
    TO COMPORT WITH PROCEDURAL DUE PROCESS IN PAROLE REFUSUAL CASES.

(e). WHETHER OR NOT THE COMMONWEALTH OF PENNSYLVANIA'S BOARD OF PROBATION
    AND PAROLE IS USING THE ADMINISTRATIVE AGENCY LAW 2 Pa. C.S. SECTION
    702 IN AN ARBITRARY AND CAPRICIOUS MANNER AND TO THE PREJUDICE OF THE
    PETITIONER'S RIGHT TO PROCEDURAL DUE PROCESS.

---

: ARGUMENTS OF FACTS AND LAWS :

1. THE PETITIONER WAS ENTITLED AS A MATTER OF PROCEDURAL DUE PROCESS
   TO BE AFFORDED A WRITTEN STATEMENT OF MEANINGFUL REASONS FOR THE

(9).

DENIAL OF HIS REQUEST AND APPLICATION FOR PAROLE.

(a). The petitioner contends that the reasons given by the respondent for the denial of release on parole was tantamount to no reason and afforded the petitioner none of his due process safeguards.

(b). The petitioner appeared before the Pennsylvania Board of Paroles most recent on 9/12/2000 at S.C.I Mahanoy, Frackville, Pennsylvania.. The petitioner request and application for parole was denied and he was given a set off to in or after July, 20001. The reasons for denial of parole should have been a written statement of meaningful reasons. However the Parole Board gave only a statement of which is set out in Exhibit__1A hereto attached and made a part of this action.

(c). The petitioner contends that the statements given by the Parole Board amounts to no reasons at all and was insufficient to constitute a meaningful statements of reasons to deny parole.

(d). The petitioner contends that in denying parole to him, the Parole Board acted in an arbitrary and fraudulent capricious manner and the said actions were unlawful and thereby violated his fifth amendment and fourteenth amendments rights to procedural due process. The initial determination, therefore is whether petitioner's in prospective parole is embraced within the fifth amendment's concept of liberty so as to entitled him to certain due process safeguards.

(e). The petitioner contends that his right to apply for parole and a possible early release is a statutory creation in the State of Pennsylvania and is sufficiently embraced within the concept of liberty to entitle him to a meaningful written statement as to the reasons for the denial of his application for parole.(See) CRAFT___VS__ATTORNEY GENERAL OF THE UNITED STATES

(10).

379 F. Supp. 538(M.D. Pa. 1974). (See) Soloway  VS  Weger, 389 F. Supp.409
(1974).

(f). The petitioner contends as heretofore noted, the reasons given by the
Parole Board is tantamount to no reason and can such a reason be constitut-
ionally valid. Can such a reason be so meaningful that a reviewing Court can
determine whether the board has adopted and followed criteria that is app-
ropriate, rational and consistant and do it protect the petitioner against
arbitrary and capricious decisions or actions based upon impermissible
considerations. In this case the parole board failed to state with any
certainly as to why parole was denied. The parole board didn't say they deni
parole release based upon any past deeds, the parole board simply gave the
aforesaid statement and the same is void. The petitioner contends that a
meaningful written statement of reasons was required specifing the evidence
and critieria relied upon in the support of their denial actions.

(g). The petitioner contends that in denying him parole the parole board onl
gave him the aforesaid cursory explaination and the same was insufficient to
inform him as to why he was denied parole. The petitioner was entitled to a
more meaningful statement of reasons for denial of release on parole. A
positive reason for the denial of parole would aid an inmate in correcting
any behaviour which was considered negative by making him more aware of such
behaviour. Further such statements would help the shifting membership of the
board to be more consistant in it's decisions and would create no undue
administrative burden. Finally, written statements of reasons for denial are
part of due process requirements. Such statements would provide protection
against arbitrary and constitutionally impermissible decisions by the board,
forcing the board to articulate it's reasons for denial of parole.

`(11)`.

(h). The petitioner further contends that the aforesaid reasons given in his case is the same reasons given in and for almost all denials in almost every parole denial case in this State of Pennsylvania in the last two years. If a hearing is had the petitioner will produce enough denials with the same reasons as to show that the decisions and reviews had in parole refusuals in Pennsylvania is a farce and is fraudulent and unconstitutional. The actions and reviews of this parole board in this case is a farce based upon fraudulent intents and such reasons given are baseless and has been appearing in Parole Board denials in Pennsylvania so often and with such frequency until it has become stereotyped and appears to be a reason without substance.

(See) SOLOWAY VS WEGER, 389 F. Supp. 409(1974).The petitioner is well aware of the Commonwealth Of Pennsylvania's opinion concerning the liberty interest. It could care less about one's liberty interest, as long as the State make's monetary interest off of the labor of this petitioner and countless others, whom are paid scab wages 19 cent an hour while the State make's high profit off of the sweat and backs of prisoners.

(i). The petitioner is well aware of the respondent's opinion that parole is a matter of grace and mercy shown to a prisoner that has demonstrated certain acceptable conduct approved by the board. But such an opinion by the respo- dent fails to include a necessary element of due process in a parole release siuation. The petitioner contends that the decision of " WOLF VS McDONNELL, 418 U.S. 539,94 S.Ct. 2963, 41 L.Ed 2d 935, June 26,1974 gave additional meaning to earlier reasoning in JOHNSON VS CHAIRMAN OF NEW YORK STATE BOARD OF PAROLES, 500 F. 2d.925 (2d. Cir. 1974), that due process in Parole hearings cannot be denied on the grounds that parole is a privilege rather than a right parole is more than that and that a prisoner's interest in prospective parole is entitled to due process protection including a written statement of reasons when release on parole is denied. The JOHNSON Court held that the statement of

(12).

reason should be sufficient to enable a reviewing body to determine whether parole has been denied for an impermissible reason or for no reason at all.

Among the questionable reasons, the Court refered to a policy,denying parole where, because of the type of offense for which he had been convicted and committed, the prisoner had not served an appropriate period of incerceration that satisfied unarticulated and possibly inconsistent views of board members regarding community retribution incapacitation or general deterence despite the prisoner's readiness for community and lack of the need for further control.

---

2. THE COMMONWEALTH OF PENNSYLVANIA'S PROBATION AND PAROLE BOARDS REFUSUAL TO REVIEW DENIAL'S OF RELEASE ON PAROLE DECISIONS AND IT'S DENIALS OF THE RIGHT TO APPEAL SUCH DENIALS BASED UPON THE DECISION HAD IN " REIDER  VS  BD. OF PROBATION AND PAROLE,100 Pa. Commw. 333 514 A. 2d 967 (1986)., AND ADMINISTRATIVE  AGENCY LAW 2 Pa. C.S. Section 702.,AS THEY APPLY TO PAROLE MATTERS AND DECISIONS ARE IN THEIR PRESENT FORMS, UNCONSTITUTIONAL BEING ARBITRARY AND CAPRICIOUSLY APPLIED. ALL IN FLAGRANT VIOLATIONS OF DUE PROCESS AND EQUAL PROTECTION CLAUSES OF THE FOURTEENTH AMENDMENT TO THE FEDERAL CONSTITUTION.

---

(a). The petitioner would like to state that in this instant case, the substantive question is not the right to parole, BUT RATHER THE RIGHT TO PROCEDURAL DUE PROCESS IN THE CONSIDERATION FOR PAROLE.The United States Supreme Court has observed that a person's liberty is equally protected, even the liberty itself is a statutory creation of the State and stressed that the touchstone of due process is protection of the individuals rights against arbitrary actions of the Government. DENT  VS  WEST VIRGINIA, 129

(13).

US. 114,123,95 S.C. 231 233,32 L.Ed.623(1885). Access to The Pa.

parole board for consideration of release prior to the expiration of the

maximum sentence is a statutory creation of the State Of Pennsylvania. See

the statute law hereto identified as " Section 17 of the Parole Act,61 P.S.

Section 331.17. That while the determination of parole elgibility is

wholly a statutory creation, and while parole release is wholly within

the discretion of the parole board " United States ex rel Harrison VS

Pace, 357 F. Supp. 354(E.D. Pa. 1973)., an inmate is entitled to judicial

relief where he has been deprived of a constitutional right in an

arbitrary and capricious manner. That in Morrissey  VS  Brewer,408 U.S.

471,92 S.Ct. 2593 33 L.Ed. 2d. 484 (1972). the Court recognized that the

traditional view of parole as a privilege rather than a vested right is no

longer dispositive as to whether due process is applicable.

(b). The petitioner contends that the Commonwealth Of Pennsylvania's)

Probation and Parole board's refusual to review denials of release on

parole decisions, it's denial of the right to appeal such denials based

upon a decision had in Reider and  Administrative Law 2 Pa.C.S. Section

702 as they apply to parole matters and decisions are in their present

form unconstitutional and being arbitrary and capriciously applied in

flagrant violation of due process and equal protection of the Fourteenth

Amendment to the federal constitution.

(c). The petitioner contends that what the Pennsylvania Probation and

Parole boards has said and ruled by their aforesaid court decision in the

REIDER case and aforementioned administrative Agency Law is that" when

the Parole Board denied's an inmate's application for parole upon the

expiration of the inmate's minimum sentence that the same is not subject

to the Administrative Parole Board's review or appellate review or

judicial review based in part because there isn't any final order, as that'

(14).

is what adjudication is according to the definition given by Administrative
Law Agency.(See) 2 Pa. C.S. Sections 101 and 702.

(d).The petitioner contends that the Parole Board in his case based upon
the aforesaid procedures mentioned, has acted arbitrary and capriciously and
unconstitutionally and has abused it's discretion when refusing to review
his appeal from the denial of parole release in his case based upon his
asserted constitutional claims.

In America, it is well understood that wherever, even in Parole matters
dealing with parole release applications, if there is present evidence of a
denial of procedural due process, or an abuse of discretion that the
victim of such actions has a constitutional right to constitutional
provisions of remedies of redress to duly inquire into the lawfulness and
the constitutionality of the same and to remove the same if unlawful. This
being true, the petitioner had a right to appeal and appellate review of
his constitutional claims against the abusive, arbitrary and capricious acti
parole board which acted in cold reckless disregard of statutory and con-
stitutional jurisprudence. The United States Supreme Court has ruled against
such a maliciously imposed abuse of discretion.(See) CITIZENS TO PRESERVE
OVERTON PARK,INC. ___VS ___VOLPE, 401 U.S. 402 410, 91 S.Ct. 814,28,L.Ed.
2d. 136 (1971).The court opted for the position that Administrative action
is always reviewable for abuse of discretion.(See) CANDARINI   VS   ATTORNEY
GENERAL OF THE UNITED STATES,369 F. Supp.1132 (1974).

(e). The petitioner contends that the manner in which Administrative Law
2 Pa. C.S. Section 702 excludes the respondent from being bound and sub-
jected to it's mandates in matters pertaining to appeals from final or
adjudicated decisions of Administrative Agency/Agencies is void, unconstit-
utional arbitrary and capricious and prejudice to the petitioner's right to

(15).

appellate review of respondent's arbitrary and capricious actions in denying

him written reasons for denial of his request for parole release and in

the respondent's abuse of discretion in his parole case. The petitioner

state's that it has been previously determined that the respondent is an

Administrative Agent of The Commonwealth Of Pennsylvania. REIDER CASE.

(f). The petitioner further contends that for the parole board in question

to state that it's parole refusual decisions isn't subject to any type of

appellate review is a blatant act of arbitrariness and bad faith. That to

hold that the Courts of The Commonwealth donot have statutory jurisdiction

to conduct appellate review of a decision by the board, because such a

decision by the board doe's not constitute an adjudication is within itself

frivolous. If a decision tends to be violative of any element of procedure

due process, it then becomes a federal constitutional question, and if the

State's Administrative Agenciences/Agency has no review procedures, then it

becomes a constitutional question of review. That if there is no State review

process, then normally the review would be in the State's Courts.

But where as here, the State courts donot have jurisdiction themselves

to review such decisions then the whole State process in such a particular

matter is void, arbitrary and violative of procedural due process and must

be seriously reviewed by the federal courts under federal question statute

28 U.S.C. Section 1331. In today's modern progressive society, such actions

are almost out dated. The United States Supreme Court has ruled that any

Administrative Agent decision when it abuses it's discretion or is violative

of any constitutional rights is reviewable.

(g). The petitioner further contends that the statute 2 Pa. C.S. Section 702

which forbids such review is being discriminatively imposed. It is uncon-

stitutional to allow other Administrative Agencys to enjoy the right to full

(16).

appellate review in Administrative Agencies matters, but all the while and particularly singling out the respondent to be deprived of the same right upon a frivolous theory that a Parole Board's decision isn't a final judgment, or adjudication. How much more can a decision be a final adjudication. There is no review. In it's present form it isn't reviewable. Therefore such denial is final. The said law is void because while it protect's the rights of all other Agencies to appellate review, it denies the same right to the respondent, thus therefore being prejudice and harmful to the petitioner as he can't obtain review of his claim of constitutional violations in parole refusuals matters.

(h). The petitioner further contends that due to the interest, that he has in parole release considerations hearings, his interest being the conditional liberty interest which requires that minimum due process attaches. The petitioner is incarcerated piniple to a judgment of a court. Clearly, he is not at liberty, but rather have an expectation of conditional liberty. Consequently, his condition is qualitatively different from that of an individual whose parole is sought to be revoked. Yet this does not mean that the inmates seeking parole should be bereft of all procedural due process. In cases of this nature particularly instructive is the language of the Supreme Court in the case of MORRISSEY VS BREWER, 408 U.S. 471,481,92 S.Ct. 2593,2600,33 L.Ed 2d 484(1972)

> " Whether any procedural protection are due depends on the
> extent to which an individual will " be considered to
> suffer grievous loss. The question is not merely the
> weight of the individuals interest, but whether the nature
> of the interest is one within the contemplation of the
> liberty or property language of the Fourteenth Amendment."

(i). The petitioner contends that the parole boards release decision determine the fate of the inmate. He may be released to the Community in a state of con-

(17).

ditional freedom or he may continue to serve his sentence within the inst-
itution. On the one hand he is free, and on the other hand he must
suffer all high deprivations and penalties of the State Penal system. To
the petitioner as well as to other inmates, a negative decision from
the parole board surely condems him to suffer a grievous loss. The inmate
and his interest in conditional liberty requires the minimum due process.

In light of The Supreme Court's characterization of what type of
interest warrants due process protection, this consideration pertains to
the denial of due process in it's entirety. It is well understood that the
full panoply of rights afforded an individual in a criminal prosecution
of for that matter at a parole revocation hearing need not be afforded a
prospective parolee. However in determining the specifics of what process
is due the remarks of Mr. Justice Stewart in "CAFETRIA AND RESTAURANT
WORKERS UNION   VS   McELROY,367 U.S. 886,895,81 S.Ct. 1743,1748,6 L.Ed
2d 1230 (1961).   "As these and other cases make clear, consideration of
                what procedures due process may require under any given
                set of circumstances must begin with a determination
                of the practice and nature of the Government function
                involved as well as of the private interest that has
                been affected by Governmental actions."
It is well understood that the parole board has deep discretionary power
to grant or deny parole. However, the board's decision must be grounded
in reason. Concomitantly, the members of the board cannot act arbitrary
in derogation of their duties as public officials for their decision
affect society as well as the lives of the entire penal system's popu-
lation. If as in the actions of the board in the petitioner's case, the
board acts in an abitrary and capricious manner, it is not only the in-
mate that suffers but society in general. To insure that the boards dis-
cretionary power is exercised within the guidelines of fundamental fair-

(18).

ness, it is incumbent upon the board to issue explicit reasons for the denial

of an inmate's application to be placed on parole. Mere pro forma langauge

to the " effect that the mandates to protect the safety of society(public)

and to assist in the fair administration of justice cannot be achieved through

your release on parole." Petitioner state's that what is required is that

the board set forth sufficient reasons and facts to enable the inmate to know

why he has been denied parole and what he must do to better regulate future

conduct and so a reviewing court can ascertain whether an abuse of discreton

has been committed.

(See) United States ex rel, Harrison  VS  Pace,357 F.Supp. 354,357(E.D. Pa. 197

Beckworth  VS  New Jersey State Parole Board,62 N.J. 348,301,A. 2d. 727,729

(1973). is a very intelligent guide in such matters.


(j). The petitioner contends that the opinion given in the case of " ROGERS

   VS  PENNS. BD. OF PROBATION AND PAROLE , 724 A. 2d 319 at page 323(Pa.1999)

reflects the breakdown and the deteriorateing aspect of the Criminal Justice

system in the State Courts. Rather than set forth the correct implications of

what is owed prisoners in Parole Release matters, that Court sought to

knowingly, arbitrarly and capriciously deny the elements of due process

because to do so, would thus allow all parole denials to be appealed. The Court

wasn't even interested in,in issueing  out justice. The concern was to make

sure no appeal procedures were implemented for parole denials. It didn't

matter to the Court if parole authorities had violated procedure due process.

Such is the actions of the highest Court in the Commonwealth.

---

: CONCLUSIONS :

  The petitioner state's in his conclusions that the consideration for parole

eligibility is an aspect of liberty to which the protection of the due process

clause extends. BRADFORD  VS  WEINSTEIN, 519 F. 2d 728(4th. Cir. 1974)vacated

(19).

as moot,423 U.S. 147(1976). Something more than a general reason for the denial of parole is required. Denial of parole based in general language and not specifically addressed to the inmate's personal situation may account to and or amount to no reason at all and does not protect the inmate from arbitrary and capricious actions by the parole board.

(See) SOLOWAY VS WEGER, 389 F. Supp.409(M.D. Pa. 1974).

(See) CANDARINI VS UNITED STATES ATTORNEY GENERAL, 369 F.Supp. 1132 (E.D. N.Y. 1974).

(See) CRAFT VS UNITED STATES ATTORNEY GENERAL, 379 F. Supp.538(M.D.Pa.1974)

The privilege theory of parole was repudiated by The United States Supreme Court in the case of MORRISSEY VS BREWER, 408 U.S. 471(1972). In the Morrissey case the Court in matters dealing with the issue of condemed to suffer a grievous loss, explained it's meaning when addressed within the conjunction of the liberty or property language of the Fourteenth Amendment.

The respondent's refusal to review parole denial cases and further statements that there is no appellate review period is unconstitutional because in it's language it stinks with arbitrary and capriciousness and has set forth no constitutional safeguards where there is evidence of an abuse of discretion of an arbitrary and capricious denial of procedure due process of the law in such parole matters.

That in the instant case the parole boards actions in it's denial of his application and request for parole were arbitrary, fraudulent, unlawful and without reason. That for the respondent and the highest Commonwealth Court to state in essence that there is no judicial review of a State Parole Board's refusual for parole no matter if there is evidence of an abuse of discretion or power or a violation of any constitutional rights by it's actions is to impose " Civil death " of the parole release seeking inmate. It is strictly illegal and must be eradicated and ruled invalid.(See) BUSH

(20).

   VS  REID, 516 P. 2d 1215(Alas. Sup. Ct. 1973). The petitioner in this case
is seeking to over-come a statutory denial of access to the courts, that was
illustrated in the case of " REIDER  VS  BD. OF PROBATION AND PAROLE, 100
Pa. Commw. 333,514 A.2d. 967(1986). (See) " ROGERS  VS  PENNS. Bd. OF PROB.
and Parole, 724 A. 2d. 319(Pa. 1999). We must always keep in mind, that the
rule of law is important in the stability of society. Arbitrary actions in
parole review denials can only impede and impair the rehabilitation aspects
of modern penology.

: RELIEF REQUESTED :

1. The petitioner respectfully moves the honorable court to issue a temporary
restraining order, preliminary and permanent injunctions, against the said
respondent, it's employees, agents, and all persons in active concert and
participation with them be, perpetually enjoined and restrained from ;

(a). Implementing and enforceing any statute,policy law or mandate that denies
petitioner the right to appeal to The Commonwealth Of Pennsylvania Probation
and Parole Board or to The Commonwealth's Judiciary the Parole Boards refusual
of his application and request for parole release.

(b). From the enforcement of The Commonwealth's Administrative Agency Law
2 Pa.C.S. Sections 701-704 as presently applied and situated in parole release
matters: To Wit: Refusuals to allow appeals in parole cases, more particular
in this instant case.

(c). From the refusual to release on parole without giving meaningful written
reasons as to why parole release was denied, upon what critera was considered
for denials, what critera was considered in the inmate's behalf and a statemen
as to what actions must be taken by the inmate to make parole or to have a

(21).

meaningful chance at parole release.

(d). From denying any element of procedural due process in parole release denials more particular in those instances, where the issues of a grievous loss is involved.

(e). From further administering and implementing of the parole board's refusual program in it's present form and setting, which condons and justifies the parole boards refusals to review or to allow appeals from parole board's refusal of parole release.

: <u>THAT THE PETITIONER FURTHER PRAYS THAT</u> :

(a). A full hearing will be had in this matter and the petitioner will be brought before the honorable court in his proper persons, to present his case and to seriously present his constitutional claims and unto the end his claims proves true, petitioner prays that he be granted the most meaningful judicial relief available forthwith secundum legem.

(b). That even now the Respondent be ordered to immediatedly afford the good faith petitioner with a new parole review hearing and if parole is again denied, that the Respondent be ordered to cum causa with the subpoena duces teceum/tecum before this court and show cause as to why petitioner was not paroled.

(c). That an order will issue forthwith, ordering that the respondent in it's present procedures in matters pertaining to appeals from respondent's parole refusals are unconstitutional, void and illegal and must be ordered discontinued less the petitioner and countless others in like situations continue to suffer civil death and denials of procedural due process of law.

(22).

(d). That an order will also issue forthwith, ordering the respondent to come forward with the records in this case and show as to how and upon what evidence was considered when denying petitioner parole release from prison.

WHEREFORE, this action is now submitted in good faith and the petitioner will forever pray.    Respectfully Submitted _~Reginald Young_
_Petitioner_

Date : 10/ 19/2000

## : VERIFICATION :

I ___REGINALD YOUNG___ , under the penalty of perjury, do hereby declare that I am the petitioner in this legal action filed pursuant to 28 U.S.C. Section 1331 into The United States District Court sitting at Scranton, Pennsylvania, and say's that I have read the same, and that the contents are true as to the best of my own knowledge and beliefs, except to matters set forth threein upon inguiry and beliefs, and as to these I believe the same to be true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn statements and falsification to authorities.

Respectfully _~Reginald Young_
_Petitioner_

Date: 10/19/2000

(23).

: AFFIDAVIT OF PAUPERISM AND MOTION FOR LEAVE TO

PROCEED IN FORMA PAUPERIS AND MOTION FOR THE

APPOINTMENT OF COUNSEL :

(See) ADKINS    VS    E.I. DuPONT de NEMOURS, AND CO.

335 U.S. 331, 339,69, S.Ct. 85,89,93 L.Ed. 43(1948).

28 U.S.C. Section 1915(d).

18 U.S.C. Section 3006A(G). McCLAIN    VS    MANSON,

343 F. Supp. 382 (D. Conn. 1972).

(a). The petitioner states that he is a poor and pauperis person
that he is without funds, property or real estate or any means with
which to pay the cost of this proceeding. He believes that he is
entitled to redress in this Court. That he prays that he will be granted
leave to proceed in forma pauperis and that effective counsel will be
appointed to prosecute these matters for the petitioner. So thus this
action is now submitted in good faith and your petitioner will forever
pray.

Respectfully Submitted/S/ _Reginald Gr___
Petitioner

Date : 10/13/2000

(24).

: CERTIFICATE OF SERVICE :

I Reginald Young do hereby state that I have this 10/19/2000 caused to
be served upon the respondent named in this case a copy of this legal
action filed pursuant to 28 U.S.C. Section 1331 by placing a copy of
the same into The Prisoners mail box here at S.C.I. Mahanoy located at
Frackville, Pa. mailed as addressed below.

THE COMMONWEALTH OF PENNSYLVANIA BOARD OF PROBATION AND PAROLE

1101 South Front Street, Suite 5200

Harrisburg, Pennsylvania 17104-2519

10/19/2000

REGINALD YOUNG

CP-4126

301 Morea Road

Frackville, Pa. 17932

NOTICE OF BOARD DECISION
PBPP-15(6/96)

**COMMONWEALTH OF PENNSYLVANIA**
**PENNA. BOARD OF PROBATION AND PAROLE**

REC'D PBPP

00 SEP 15 PM 12:12

SCI - MAHANOY

DATE: 09/12/2000

CLIENT NAME: **REGINALD YOUNG**
INSTITUTION: **SCI - MAHANOY**

PAROLE NO: 75850
INSTITUTION NO: CP4126

AS RECORDED ON 09/12/2000 THE BOARD OF PROBATION AND PAROLE RENDERED THE FOLLOWING DECISION IN YOUR CASE:

FOLLOWING AN INTERVIEW AND REVIEW OF YOUR FILE, THE PENNSYLVANIA BOARD OF PROBATION AND PAROLE HAS DETERMINED THAT THE FAIR ADMINISTRATION OF JUSTICE CANNOT BE ACHIEVED THROUGH YOUR RELEASE ON PAROLE. YOU ARE THEREFORE REFUSED PAROLE AND ORDERED TO:

BE REVIEWED IN OR AFTER JULY, 2001.

AT YOUR NEXT INTERVIEW, THE BOARD WILL REVIEW YOUR FILE AND CONSIDER:

WHETHER YOU HAVE RECEIVED A FAVORABLE RECOMMENDATION FOR PAROLE FROM THE DEPARTMENT OF CORRECTIONS.

WHETHER YOU HAVE MAINTAINED A CLEAR CONDUCT RECORD AND COMPLETED THE DEPARTMENT OF CORRECTIONS' PRESCRIPTIVE PROGRAM(S).

-LAH 9/12/00

EXHIBIT_IA

CLIENT COPY
REGINALD YOUNG
SCI - MAHANOY
P.O. BOX 491, 301 MOREA ROAD

CP4126

KATHLEEN ZWIERZYNA
BOARD SECRETARY

COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY

DALLAS BROWN, pro se,                    :    NO. 228 Misc, 2000
                    Petitioner           :
                                         :
        vs.                              :
                                         :
THE COMMONWEALTH OF PENNSYLVANIA :
BOARD OF PROBATION AND PAROLE    :              F I L E D
                    Respondent           :
                                              APR 1 4 2000

                                              S:... ........ch
                                              C... ...... ...s
                ORDER OF COURT               Per_____

BALDWIN, P.J.

        AND NOW, this 14th day of April, 2000, at 11:30 a.m., the Petitioner, *pro se*,

having filed a document titled "Application for a Writ of Mandamus Submitted in Good

Faith on the Square In Forma Pauperis" in the Clerk of Courts Office, this Court having

no jurisdiction to hear the matter, it is hereby ORDERED that the papers are transferred

to the Commonwealth Court.

                                BY THE COURT,

                                _____

*Exhibit A*

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

DALLAS BROWN,                              :
                          Petitioner       :
                                           :
              v.                           :
                                           :
PENNSYLVANIA BOARD OF PROBATION            :
AND PAROLE,                                :
                          Respondent       :        No. 191 M.D. 2000


PER CURIAM                        O R D E R


        NOW, July 26, 2000, it  appearing  that petitioner seeks by way of

mandamus to be paroled, and that the decision as to whether to grant parole is

discretionary, see Reider v. Pennsylvania Board of Probation and Parole, 514  A.2d

967  (Pa. Cmwlth. 1986), and, therefore, not subject to mandamus in our original

jurisdiction, the petition for review is dismissed.

                                              Certified from the Record

                                              JUL 2 7 2000

                                              and Order Exit





**COMMONWEALTH OF PENNSYLVANIA
BOARD OF PROBATION AND PAROLE**

*Office of Chief Counsel
1101 South Front Street, Suite 5100
Harrisburg, PA 17104-2517
(717) 787-8126*

KEVIN RAY TATE, DV-7380
301 MOREA ROAD
FRACKVILLE, PA 17932

Re: Parole 208-AH

Dear Mr. Tate:

This determination answers papers the Board received July 3, 2000, that object to a decision recorded June 6, 2000, that refused you parole.

Parole refusals are not subject to the Board's administrative appeal process. Moreover, parole refusals are not subject to appellate review. *Rogers v. Pennsylvania Board of Probation and Parole*, 724 A.2d 319 (Pa. 1999).

Accordingly, the papers are dismissed as unauthorized.

Sincerely,

Arthur R. Thomas
Assistant Counsel

DATE MAILED:  JUL 2 5 2000

Exhibit C.