**JUDGE'S COPY**

IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REGINALD YOUNG,<br>　　　　　Plaintiff<br><br>　　v.<br><br>COMMONWEALTH OF<br>PENNSYLVANIA, BOARD OF<br>PROBATION AND PAROLE,<br>　　　　　Defendants | :<br>:<br>:  Civil No. 1:CV-00-1992<br>:<br>:  (Judge Kane)<br>:<br>:<br>:<br>: |

FILED APR 0 6 2001 PER HARRISBURG, PA. DEPUTY CLERK

## BRIEF IN SUPPORT OF MOTION TO DISMISS

### STATEMENT OF THE CASE

This is a civil action filed pro se by Reginald Young ("Plaintiff"), a prisoner at the State Correctional Institution at Mahanoy (SCI-Mahanoy). Defendant is the Pennsylvania Board of Probation and Parole ("Board"). Although not specifically stated, the Board assumes that plaintiff's complaint is brought under 42 U.S.C. §1983, the vehicle by which individuals can seek a remedy for alleged violations of the Constitution. Maine v. Thiboutot, 448 U.S. 1 (1980).[1]

### STATEMENT OF THE FACTS

As best as can be gleaned from plaintiff's complaint are the following facts. Plaintiff was found guilty of third degree murder and sentenced to serve eight to twenty years for the offense. (Complaint at p. 6 ¶a.2). Plaintiff was reviewed for parole for the first time in December 1996. Since that time he has been denied parole four times, with September 12, 2000 being the last and most recent denial of parole. (Complaint at p.6 ¶a.3).

---

[1] Plaintiff cites only to 28 U.S.C. §1331 which provides federal question jurisdiction to the United States District Courts. He also cites to the due process clause of the United States Constitution.

Plaintiff alleges that when denying him parole in September 2000, the Board failed to give him a written meaningful statement of the reasons for denial of parole; failed to state the criteria which was considered in favor of him; and failed to advise him as to what he should do in the future in order to be given meaningful consideration for parole. (Complaint at p.6 ¶a.4 and p.6 ¶¶ c, d, e).[2] Petitioner alleges that this was a violation of due process of law. (Complaint at p.6 ¶a4).

Plaintiff requests that the Court issue a temporary restraining order, and preliminary and permanent injunctions against the Board to enjoin and restrain the Board from implementing and enforcing any statute, policy, law or mandate that denies plaintiff the right to appeal to the Board or the state Courts from the denial of parole; to enforce 2 Pa. C.S. §701-704, the Administrative Agency Law; from the refusal to release on parole without giving meaningful written reasons why parole was denied and inform the plaintiff what criteria was considered and make a statement as to what actions must be taken by the inmate to make parole; and to stop the Board from further administering and implementing the refusal program in its present form. (Complaint at p.20-21 ¶¶a, b, c, d, e). Petitioner also requests a full hearing and a declaration that the Board's procedure for denial of parole is unconstitutional, void and illegal and that the Board should discontinue the action. (Complaint at p. 21 ¶¶a,b,c).

---

[2] When denying parole on September 12, 2000, the Board stated: "Following an interview and review of your file, the Pennsylvania Board of Probation and Parole has determined that the fair administration of justice cannot be achieved through your release on parole. Your are therefore refused parole and ordered to: Be reviewed in or after July 2001. At your next interview, the Board will review our file and consider: Whether you have received a favorable recommendation for parole from the Department of Corrections. Whether you have maintained a clear conduct record and completed the Department of Corrections' prescriptive programs."

2

## QUESTIONS PRESENTED

I. PLAINTIFF'S COMPLAINT AGAINST ONLY THE BOARD OF PROBATION AND PAROLE IS BARRED BY THE ELEVENTH AMENDMENT AND SHOULD BE DISMISSED.

II. PLAINTIFF'S COMPLAINT VIOLATES FEDERAL RULE OF CIVIL PROCEDURE 8.

III. PLAINTIFF HAS NOT EXHAUSTED ALL STATE REMEDIES.

## ARGUMENT

I. PLAINTIFF'S COMPLAINT AGAINST ONLY THE BOARD OF PROBATION AND PAROLE IS BARRED BY THE ELEVENTH AMENDMENT AND SHOULD BE DISMISSED.

Pursuant to the Eleventh Amendment to the United States Constitution, states and their agencies are immune from suit by private parties in the federal courts. Atascadero State Hospital v. Scanlon, 473 U.S. 234 (1985). A suit will not be barred if Pennsylvania has waived its immunity or Congress has validly abrogated the state's immunity. However, Pennsylvania has not waived its immunity, Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981) and 42 Pa. C.S. §8521(b), nor has Congress abrogated Pennsylvania's immunity in this instance. In actions brought pursuant to 42 U.S.C. §1983, it has clearly been held that Pennsylvania's Eleventh Amendment immunity has not been abrogated. Quern v. Jordan, 440 U.S. 332, 342 (1979). Thus, because Pennsylvania has not consented to waive its immunity and Congress has not abrogated its immunity in §1983 actions, the Eleventh Amendment bars Plaintiff's action against the Board of Probation and Parole, a state agency.

Plaintiff has filed suit against the Board of Probation and Parole only and does not name any

individuals, either in their official or individual capacities.[3] Because the Eleventh Amendment bars plaintiff's action against the Board, a state agency, plaintiff's complaint should be dismissed in its entirety.

## II. PLAINTIFF'S COMPLAINT VIOLATES FEDERAL RULE OF CIVIL PROCEDURE 8.

Plaintiff's complaint violates Fed.R.Civ.P. 8 which requires a short and plain statement of the claim showing that the pleader is entitled to relief. Plaintiff's twenty-three page complaint, with attached exhibits, does not set forth a short and plain statement of the claim showing that he is entitled to relief. Instead, it buries the relevant facts in an extensive and sometime convoluted arguments and case cites provides case cites in support of these arguments as well.

The rules require brevity, clarity and simplicity in the statement of the essential facts upon which the claim for relief rests. In re Westinghouse Securities Litigation, 90 F.3d 696 (3d Cir. 1996). A complaint that is unecessarily complicated and verbose and rambles on may be dismissed for violating Fed.R.Civ.P. 8. Id. At 703.

Plaintiff's compliant violates the rule because it does not provide a short and plain statement of the claim. Instead, it provides unnecessary and verbose arguments and rambles. Because the complaint violates the rule it should be dismissed.

## III. PLAINTIFF HAS NOT EXHAUSTED ALL STATE REMEDIES.

It is clear that inmates do not have the right to a direct appeal of a denial of parole. Rodgers

---

[3]Defendant notes that even had plaintiff filed suit against any individuals of the Board in their official capacities, such claims would also have to be dismissed because state officials acting in their official capacities are not "persons" under 42 U.S.C. §1983. Will v. Michigan Department of State Police, 491 U.S. 58 (1989).

4

v. Pennsylvania Board of Probation and Parole, 555 Pa. 285, 724 A.2d 319 (1999). According to this case, plaintiff has no right to a direct appeal of the denial of his parole. However, the Rogers decision noted that "while appellants are not entitled to appellate review of a Parole Board decision, they may be entitled to pursue allegations of constitutional violations against the Parole Board through a writ of mandamus." Id. This issue was again addressed in Coady v. Vaughn, __ Pa. __, __ A.2d __ (2001 WL 280224 Pa.), where the Pennsylvania Supreme Court stated that, where discretionary actions and criteria are not being challenged, but instead a constitutional challenge is made, such as whether statutory requirements have been altered in a manner that violates the *ex post facto* clause, such an action could be brought in the original jurisdiction of the Commonwealth Court.

In light of these Pennsylvania Supreme Court decisions, plaintiff should have brought a mandamus action in the Commonwealth Court to address his due process claims before he sought redress in the Federal Courts. Plaintiff should be required to exhaust his state remedies before bringing suit in the Federal Court. See Burkett v. Love, 89 F.3d 135 (3d Cir. 1996).

## CONCLUSION

For the foregoing reasons, the Court should grant defendant's motion to dismiss plaintiff's complaint.

5

                          Respectfully submitted,

                          D. MICHAEL FISHER
                          Attorney General

By:   */s/ Linda S. Lloyd*
       LINDA S. LLOYD
       Deputy Attorney General
       I.D. #66720

Office of Attorney General        SUSAN J. FORNEY
15th Fl., Strawberry Square       Chief Deputy Attorney General
Litigation Section                  Chief, Litigation Section
Harrisburg, PA 17120
(717) 705-7327                        **COUNSEL FOR DEFENDANTS**

Dated: April 6, 2001

6

IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

REGINALD YOUNG,
    **Plaintiff**

v.

Civil No. 1:CV-00-1992

(Judge Kane)

COMMONWEALTH OF
PENNSYLVANIA, BOARD OF
PROBATION AND PAROLE,
    **Defendants**

## CERTIFICATE OF SERVICE

I, **Linda S. Lloyd**, Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on April 6, 2001, I served a true and correct copy of the foregoing Brief in Support of the Motion to Dismiss, by causing it to be deposited in the United States Mail, first-class postage prepaid to the following:

    Reginald Young, CP-4126
    SCI - Mahanoy
    301 Morea Road
    Frackville, PA  17932

*Linda S. Lloyd*
**LINDA S. LLOYD**
**Deputy Attorney General**