IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

REGINALD YOUNG, :

      Plaintiff

   VS : Civil No. 1:CV-00- 1992

      (Judge Kane)

COMMONWEALTH OF :

PENNSYLVANIA, BOARD OF

PROBATION AND PAROLE, : **FILED**
HARRISBURG, PA

      Defendants : APR 2 3 2001

MARY E. D'ANDREA, CLERK
Per _____
    Deputy Clerk

PLAINTIFF'S REPLY AND OPPOSITION

TO DEFENDENTS MOTION TO DISMISS

: PLAINTIFF'S FIRST REPLY TO DEFENDANTS MOTION TO DISMISS:

1. The plaintiff contends that the defendants in their statements of the case in their motion to dismiss on page 1 claims that this action filed in this case is PRESUMED OR MORE PARTICULAR ASSUMED to be filed pursuant to 42 U.S.C. Section 1983.

2. Plaintiff states that such assumption is baseless and wholly frivolous and should be stricken and dismissed as the record and the Complaint will clearly show that this is an action that was filed under 28 U.S.C. Section 1331 of which is a proper jurisdiction for such an action.(See) The Slip Opinion in " CIVIL A. NO.1: CV-98-1113 " OSCAR TIMOTHY ROBINSON VS COMMONWEALTH OF PENNSYLVANIA,et al., at page 2.

3. Plaintiff is not seeking to obtain monetary relief and he in essence is not seeking liability. Defendants cannot assume jurisdiction to be based upon 42 U.S.C. Section 1983 simply

Page(2).

to be able to use it as a means of claiming immunity.

: PLAINTIFF'S SECOND REPLY TO DEFENDANTS MOTION TO DISMISS:

1. The defendants claim that plaintiff's complaint should be dismissed because it is barred by the Eleventh Amendment.

2. The plaintiff contends that the defendants in this case is not protected under federal question jurisdiction from the relief sought in this action.

3. Once again the defendants are advised that this isn't a 42 U.S.C. Section 1983 Civil Rights Action. This isn't a Civil Suit. This is an action contesting the unlawful acts of the defendants and the unconstitutionality of the laws being used to shield them(defendants) from their illegal and unconstitutional procedural due process violations in matters pertaining to Parole Reviews and Parole Denials and all of the allegations contained in the original complaint in this action.

: PLAINTIFF'S THIRD REPLY TO DEFENDANTS MOTION TO DISMISS:

1. The Defendants claim that Plaintiff's complaint should be dismissed for violating Federal Rule Of Civil Procedure 8. for failure to make his complaint and it's attachments short.

2. The plaintiff always acting in good faith states that this particular claim of the defendants should be dismissed as it is bad faith in it's implied request.

3. The plaintiff contends that his case should be considered in light of the mandates set forth in " HAINES VS KERNER, 404 U.S. 519,520(1972) and moreso because it is submitted in good faith and has set forth serious federal Constitutional questions which the Commonwealth Of Pennsylvania Probation and

Page(3).

Parole Boards has done their utmost to trample under foot. That the law requires that plaintiff make sure his complaint is set forth. The acts complained of in this action against the named defendants is such that even with the lengthly complaint filed a list of other constitutional violations could not be set forth.

These constitutional claims made by this plaintiff is minor as the defendants are vicious and brutal in their unconstitutional acts. To even think that there is an Administrative Agency backed by a State's unconstitutional mandates would consider their most serious and prejudice acts of denial of constitutional mandates not subject to a Courts judicial review is an insult to the very real fundamental principles of liberty and justice that lies at the base of all our civil and political institutions.

<u>We of the sane community</u> know that where as here Parole Policies and State law and it's practices in these type of cases tends to violate and offend a fundamental constitutional guarantee, federal Courts will discharge their duty to protect constitutional rights.(See) <u>JOHNSON   VS   AVERY</u>,393 U.S. 483,486 (89 S.Ct. 747,21 L.Ed.2d 718)(1969). To even think that such a response from be set forth from the Attorney General's Office is shocking to the mind, and but a reflection as to how low this new breed of Lawyers will convert. This part of defendants motion to dismiss should be denied and stricken from the record.

: <u>PLAINTIFF'S FOURTH REPLY TO DEFENDANTS MOTION TO DISMISS</u> :

1.The Defendants claim that the complaint should be dismissed because of the failure to exhaust all State Remedies.

2. The Plaintiff contends that this statement by the defendants is so insulting and so frivolous until it is within itself repugnant to reason and an insult to the most elementary form

Page(4).

of due process of law, and that being FAIR PLAY, two words that is missing in defendants concept of what is due in cases of this nature. Then the defendants had the gall to cite the low case of BURKETT VS LOVE, 89 F. 3d 135(3d Cir. 1996) as a case which proved that there was a remedy in the State Judicial System of review. Why! In the same case on page 142. JUDGE STAPLETON, in his concurring opinion that the Commonwealth had the jurisdiction to entertain Burkett's claim in the Commonwealth Court. Stated:

> (Quote) " I am unable to join the opinion of the Court, however, because I think any other avenue to relief for Burkett is barred by authoritative precedent.
>
> As the Court properly concludes, the POST Conviction Relief Act is not applicable. In addition, under current Pennsylvania Law, Burkett cannot seek review of a parole denial in a Habeas Corpus or Mandamus proceeding.

(Un-Quote)

3. The plaintiff contends that the above facts set forth by Judge Stapleton is absoutely correct.(See) In Commonwealth ex rel. Biglow VS Ashe, 348 Pa. 409, 35 A. 2d 340(1944) The Pennsylvania State Supreme Court Ruled:

> " That a parole denial could not be challenged using a WRIT OF HABEAS CORPUS."
>
> " This Court cannot review the actions of the Parole Board in denying him parole.., neither can we pass on the fairness and impartiality of the hearing he had before the Parole Board." Id.35 A. 2d at 341.

4. That your Plaintiff in his reply state's further, that this

Page(5).

holding has not been overruled,limited, or weakened in the half century since it was handed down.

That there is instances in which the Commonwealth's Board Of Probation and Parole has stated that denial of parole <u>may</u> be reviewed by Writ Of Mandamus. But in reality the manner in which such rule is really meant is prejudice to the seeker for review by way of Mandamus. The exhibits presented attached to the original Complaint shows that the word may is not positive and is but a farce and decption used by the defendants and The State's Judicial system in furthance of a fraud and mockery of the review process.

That the <u>exhibits presented in this case</u> in matters pertaining to available State Remedies and The State's Highest Court's opinion in parole denial matters proves beyond a moral doubt that there is no relief or review available for constitutional claims as set forth in the original complaint in this case. That this plaintiff by a presentation of exhibits with the defendants opinions, the various Courts opinions declining jurisdiction tends to disapprove the defendants claim that there is a review available in the judicial system of the Commonwealth of Pennsylvania or any other system.

That Mandamus will not lie to compel discretionary acts, (See) <u>BRONSON   VS   BOARD OF PROBATION and PAROLE</u>, 491 Pa.549 421 A. 2d 1021,1023(1980), and a Parole decision is characterized as a discretionary act by statute.(See) 61 Pa. C.S. Section 331. 19, and by Courts,(See) e.g. <u>GREENHOLTZ   VS   NEBRASKA,PENAL AND CORRECTIONAL COMPLEX INMATES</u>, 442 U.S. 1, 10,99 S.Ct. 2100,2105, 60 L.Ed.2d 668(1979).

That in this action Plaintiff is attacking the constitutionality of 2 Pa. C.S. Section 701-704 Administrative Agency Law

Page(6).

as it is presently applied in this case and in actions pertaining to parole situations. At no time in it's history has it been so attacked as plaintiff attacks it in his original complaint. The defendants motion to dismiss should not be granted based upon the failure to exhaust all state remedies. There is no State remedies as the plaintiff has proven. Plaintiff state's that this said section of the defendants motion to dismiss should not be granted and itself should be striken from the record.

: CONCLUSION :

The plaintiff concludes by saying that not only should the defendants motion to dismiss be denied, but that the judgment in this case should be rendered in favor of the plaintiff for the following additional reasons.

(a). The plaintiff has acted in good faith and proven his claims by a preponderance of evidence.

(b). That the defendants has acted in bad faith and in cold reckless disregard of the rule of the Court that mandates that in a Civil action such as this, that all parties must state as to whether or not they prefer the matter to be heard before a Magistrate or a Judge. That when the form inquiring about the same was sent out the plaintiff acting in good faith signed that he was satisfied with the case being heard before a Magistrate. That the plaintiff after such signing filed an additional brief in the case and sent a copy to the defendants as required.

That the Clerk for said U.S. District Court sent plaintiff a letter saying that no decision could be had until the defendants signed the form as to whether or not they wanted a magistrate or judge to hear the case. Yet, here is the bad faith defendants now flagrantly disregarding that Civil Rule requirement and instead

Page(7).

of having filed that requirement now has the gall to file this motion to dismiss. Now if that isn't bad faith what is it? Plaintiff moves the Court to grant judgment in his favor forthwith secundum legem.

That this is a matter full of serious constitutional questions, it is an action that confronts defendants who would seek to continue denying parole to persons qualified in arbitrary and capricious manners and for no valid reasons at all. But that is not the main theme or issue. The issues pertaining to all the constitutional claims that are contained in the original complaint must be addressed by the court.

WHEREFORE, the plaintiff moves this Court for an order granting him the relief sought in the original complaint, or for an order granting him a full plenary hearing or evidentiary hearing to further clarrify his constitutional status and to reach a final conclusion upon the issues presented.

That an order be issued, appointing Counsel to aid the plaintiff in this action, or in the alternative appoint"OSCAR TIMOTHY ROBINSON, PRISONER NO. DZ. 7810, a prisoner at Mahanoy, Frackville,Pa. 17932 who assisted in the drafting of this legal and original complaint to be allowed to be present in Court to assist the plaintiff in presenting this case or to himself present this case in concert with the plaintiff in the interest of justice. WHEREFORE THIS ACTION is now submitted in good faith and the plaintiff forever prays.

Date: 4/16/01                                    Respectfully *(signature)*
                                                          Plaintiff

1. IN THE U.S. DISTRICT COURT FOR THE MIDDLE DISTRICT OF
   PENNSYLVANIA, HARRISBURG DIVISION.
   CIVIL A. NO. 1: CV-98-1113
   JUDGE RAMBO.

: Verification :

The plaintiff hereby declares that he is the plaintiff in this action and that he has read the same that is going to The U.S. District Court For The Middle District Of Pennsylvania at Harrisburg, Pennsylvania and that the same is true and correct. That this action is submitted subject to the provisions of 28 U.S.C Section 1746 and I do hereby declare under the penalty of perjury that the foregoing is true and correct.

Executed this 16 day of April 2001.

Respectfully *Reginald Young*
Plaintiff

: PROOF OF SERVICE :

The plaintiff hereby declares that he has this 16th. day of April 2001 caused to be served upon the defendants at the below given address a true and complete copy of this action by placing a copy of the same addressed as set out below into The Prisoners Mail-box, here at S.C.I. Mahanoy, Frackville, Pa. .

1. The Commonwealth Of Pennsylvania
   Board Of Probation And Parole
   1101 South Front Street, Suite 5300
   Harrisburg, Pennsylvania 17104-2519

REGINALD YOUNG
NO. CP. 4126
301 MOREA ROAD
FRACKVILLE, PA. 17932

DATE: 4/16/01