**JUDGE'S COPY**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

REGINALD YOUNG,
    Petitioner

vs.                              Civil No. 1:CV-00-1992

                                 (Judge Kane)

COMMONWEALTH OF PENNSYLVANIA,
BOARD OF PROBATION AND PAROLE,
    Respondents

FILED
HARRISBURG
MAY 22 2001
MARY E. D'ANDREA, CLE[RK]
Per_____
DEPUTY CLERK

AMENDMENT TO PETITIONER'S REPLY AND
OPPOSITION TO RESPONDENTS MOTION TO DISMISS

**AND NOW**, this 20th, day of May, 2001, Reginald Young, the "petitioner" pro se, respectfully request permission to file this Amended Reply to Respondents Motion to Dismiss and do so, based on facts, just learned by the petitioner, which are, to wit:

In **Coady v. Vaughn, No. 98-1311 (3rd Cir.),** the Court of Appeals recently certified two questions of law to the Pennsylvania Supreme Court and asked it to finally answer: May a person who was refused parole from a PA sentence obtain judicial review from a Pennsylvania Court of a claim that parole denial violated the United States Constitution? If so, may review be secured on direct appeal, through writ of mandamus, or in some other manner?

The Third Circuit, then stayed its decision in Coady, and some sixty (60) other state prisoners cases pending in which they are also challenging actions rendered by the PA Parole Board, awaiting the answer from the Supreme Court.

The Third Circuit's recent decision is in response to Pennsylvania's steadfast refusal to provide a procedure for review of constitutional challenges of Parole Board decisions

as reflected by Commonwealth Ct. and Supreme Court decisions in **Weaver v. PBPP**, 688 A2d 766 (PA Cmwlth., 1997) and **Rogers v. PBPP**, 724 A.2d 319 (PA 1999).

Also, in **Marshall v. PBPP, No. 99-3999 (3rd Cir.)**, the Court recently lifted a stay of proceedings to determine whether Pennsylvania's refusal to grant state court review of an allegedly unconstitutional denial of parole violates the U.S. Constitution. The Court granted a certificate of appealability, **sua sponte** and ordered no time extensions and the case to be scheduled promptly upon completion of briefs. As so stated by the Court; while federal courts cannot order Pennsylvania to provide appeals, they can grant habeas corpus release if they find that Pennsylvania's refusal to accept appeals violates the United States Constitution. A final decision in the Marshall action is due at any time now.

Petitioner, pleads with this Honorable Court, to stay it's decision, until the Court of Appeals has ruled on the cases cited herein. This petitioner do in the interest of justice, and the requirements of fundamental fairness. Also petitioner pray, that if the Court rule for Respondent, that he be granted a certificate of appealability to the Court of Appeals, whom petitioner have a good-faith belief will hear the issues raised in this pending action.

Respectfully submitted,

*Reginald Young*
Reginald Young, pro se
#CP-4126
301 Morea Road
Frackville, PA 17932

## PROOF OF SERVICE

I, Reginald Young "petitioner" pro se, hereby certify that a true and accurate copy of Amendment to Petitioner's Reply and Opposition to Respondents Motion to Dismiss was on this 20th, day of May, 2001, mailed by first class, postage prepaid to:

Commonwealth of Pennsylvania
Board of Probation & Parole
1101 South Front Street, Ste. 5300
Harrisburg, Pennsylvania 17104-2519

Reginald Young  pro se
#CP-4126
301 Morea Road
Frackville, PA 17932