UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

REGINALD YOUNG
    Plaintiff

v. : CIVIL NO. 1:CV-00-1992

(JUDGE KANE)

COMMONWEALTH OF PENNSYLVANIA
BOARD OF PROBATION AND PAROLE
    Defendant

FILED
HARRISBURG
MAR 2 8 2002
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

## ORDER

**Background**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff Reginald Young, formerly a Pennsylvania state inmate at the State Correctional Institution at Mahanoy (SCI-Mahanoy), Frackville, Pennsylvania. Named as Defendant is the Commonwealth of Pennsylvania Board of Probation and Parole. Young alleges in his complaint, inter alia, that his due process rights have been violated by Defendant Board of Probation and Parole because he was denied parole in September 2000 without being provided with a written meaningful statement of the reasons for the denial of parole, and because he was not advised as to what he should do in order to increase the likelihood that he

would be paroled in the future.

Court mail addressed to Young at SCI-Mahanoy, 301 Morea Road, Frackville, PA. 17932 was returned unopened. The envelope bore a handwritten notation, "PAROLED". When the Court contacted SCI-Mahanoy officials to ascertain Young's whereabouts, SCI-Mahanoy officials were unable to provide any information useful in locating Young. The officials were able to say only that Young was paroled.

The Court notes that Young was provided with this Court's Standing Practice Order on November 18, 2000. The Order states in pertinent part:

> ...[A] pro se plaintiff has an affirmative obligation to keep the court informed of his or her address. Should such address change in the course of this litigation, the plaintiff shall immediately inform the court of such change, in writing. If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address, the plaintiff will be deemed to have abandoned the lawsuit.

As a practical matter, neither the Court nor the defendant can communicate with the plaintiff. Under the circumstances, it would be a waste of judicial resources to maintain this case on the active docket. As a result, the Plaintiff is deemed to have abandoned this lawsuit.

NOW, THIS 28th DAY OF MARCH, 2002, IT IS HEREBY ORDERED THAT:

    1.    This action is dismissed without prejudice

to the rights of all parties.

2. The Clerk of Court is directed to close this file.

_____
YVETTE KANE
United States District Judge